*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *CHARLES SMALL, JR.,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Civil No. 09-88-P-S* |
| | ) | |
| *WAL-MART STORES EAST, LP,* | ) | |
| | ) | |
| *Defendant* | ) | |

*RECOMMENDED DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

The defendant, Wal-Mart Stores East, LP, moves for summary judgment in this slip-and-fall case.  I recommend that the court grant the motion.[1]

## I.  Summary Judgment Standards

### A.  Federal Rule of Civil Procedure 56

Summary judgment is appropriate only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Santoni v. Potter*, 369 F.3d 594, 598 (1st Cir. 2004).  "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party."  *Rodríguez-Rivera v. Federico Trilla Reg'l Hosp. of Carolina*, 532 F.3d 28, 30 (1st Cir. 2008) (quoting *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)).  "A fact is material if it has the potential of determining the outcome of the litigation."  *Id.* (quoting *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

---

[1] Some of the documents cited in this recommended decision are sealed, but the recommended decision does not refer to any sealed information.

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining whether this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Santoni,* 369 F.3d at 598. Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e). "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

### B.  Local Rule 56

The evidence that the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the local rules of this district. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are not in dispute. *See* Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and supported by a specific record citation. *See id*. The nonmoving party must then submit a responsive "separate, short, and concise" statement of material facts in which it must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts[.]" Loc. R. 56(c). The nonmovant likewise must support each denial or qualification with an appropriate record citation. *See id*. The nonmoving party may also submit its own additional statement of material facts that it contends are not in dispute, each

supported by a specific record citation. *See id.* The movant then must respond to the nonmoving party's statement of additional facts, if any, by way of a reply statement of material facts in which it must "admit, deny or qualify such additional facts by reference to the numbered paragraphs" of the nonmovant's statement. *See* Loc. R. 56(d). Again, each denial or qualification must be supported by an appropriate record citation. *See id.*

Failure to comply with Local Rule 56 can result in serious consequences. "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(f). In addition, "[t]he court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of fact." *Id.*; *see also, e.g., Sánchez-Figueroa v. Banco Popular de P.R.*, 527 F.3d 209, 213-14 (1st Cir. 2008).

## II.  Factual Background

The parties' statements of material facts, submitted pursuant to Local Rule 56, included the following undisputed material facts.

On the evening of November 4, 2005, the plaintiff was shopping with his then eight-year-old son, T. R., at the Wal-Mart store in Scarborough, Maine. Plaintiff's Statement of Additional Material Facts ("Plaintiff's SMF") (included in Plaintiff's Opposing Statement of Material Facts ("Plaintiff's Responsive SMF") (Docket No. 33) beginning at 9) ¶ 1; Response to Plaintiff's Statement of Additional Material Facts ("Defendant's Responsive SMF") (Docket No. 39) ¶ 1. They had a shopping cart containing several items, including picture frames. *Id.* ¶ 2. They were in the automotive aisle. *Id.* ¶ 3. The plaintiff alleges that he slipped on a puddle of clear liquid

in that aisle and fell to the floor.   Defendant's Supporting Statement of Material Facts ("Defendant's SMF") (Docket No. 22) ¶ 3; Plaintiff's Responsive SMF ¶ 3.

The plaintiff sent his son to get help, and he was getting to his feet in the aisle when assistance arrived.  *Id*. ¶ 9.   He recalls Wal-Mart employees asking him what happened.  *Id*. ¶ 11.  He saw Wal-Mart employees walk down the aisle, order that the aisle be shut down, and call for a spill clean-up.  *Id.* ¶ 12.  He saw people searching the shelving in the area of the spill. *Id*. ¶ 13.   He remained in the store for three to five minutes, having his leg checked by a paramedic, and then drove off in his truck.  *Id*. ¶ 14.

One of the employees who went to the scene of the spill was Anna Bennett.  Plaintiff's SMF ¶ 13; Defendant's Responsive SMF ¶ 13.  She was covering the automotive department that evening, Defendant's SMF ¶ 17; Plaintiff's Responsive SMF ¶ 17, as well as the housewares, sporting goods, and toy departments.  Plaintiff's SMF ¶ 38; Defendant's Responsive SMF ¶ 38. She had the opportunity to observe the large puddle of clear liquid.  *Id*. ¶ 14.  Among Bennett's job responsibilities is a duty to continually "zone" the area for which she is responsible. Defendant's SMF ¶ 19; Plaintiff's Responsive SMF ¶ 19.   It is Wal-Mart's policy that zoning continue non-stop throughout the day.  *Id*. ¶ 20.  Among the responsibilities of "zoning" is taking care of "drops," or returning misplaced items to their proper shelving.  *Id*. ¶ 21.[2]  During the time period just prior to the incident at issue, Bennett had been up and down the aisles under her supervision repeatedly every few minutes.  *Id*. ¶ 22.

All Wal-Mart employees are required to complete safety sweeps every two hours during their shifts.  *Id.* ¶ 23.   A safety sweep is also conducted at the beginning and end of every associate's shift.  *Id*. ¶ 24.   Safety sweeps involve walking through the area of the store the

---

[2] The plaintiff's motion to strike this paragraph as irrelevant and immaterial, Plaintiff's Responsive SMF ¶ 21, is overruled.

associate is assigned to cover and looking for merchandise or spills on the floor, or items sticking out or looking messy. *Id*. ¶ 25.  Associates are required to remedy any problems they spot during a sweep. *Id*. ¶ 26.  Before the incident, Bennett had seen no liquid on the floor of the aisle where the incident occurred. *Id*. ¶ 28.

Bennett had the opportunity to take a close look at the spill after the plaintiff's alleged fall. *Id*. ¶ 32.  She also observed the plaintiff's clothing. *Id*. ¶ 43.  She checked the cart that the plaintiff had been pushing and found no drops coming from it and no puddle under it. *Id*. ¶ 45.  Consistent with Wal-Mart's typical practice, the responding associates immediately blocked the subject aisle with shopping carts to prevent any traffic at the scene and began searching for the origin of the puddle. *Id*. ¶¶ 46-47.  Once the assistant store manager was attending to the plaintiff, Bennett assisted other employees with clean-up of the liquid and the search for its source. *Id*. ¶ 49.  She placed a caution marker at the site of the spill. *Id*. ¶ 50.

The associates searched shelves looking for a container, a leaking bottle, or evidence of something dripping. *Id*. ¶ 53.  They found no evidence that the source of the liquid was anywhere in the immediate area of the puddle. *Id*. ¶ 54.  They could not determine what the liquid on the floor was by smelling, tasting, or looking at it. *Id*. ¶ 52.  Bennett also looked for other spills in the area to be sure that the spill had not come from a container that was in someone else's cart and was continuing to drip or leak. *Id*. ¶ 57.  No such spills were found. *Id*. Wal-Mart associates searched for almost 30 minutes before returning to their normal "zoning" procedure. *Id*. ¶ 58.  At the end of their shift, before going home, the responding associates returned to the subject aisle for a final search for the source of the spill, but they found nothing. *Id*. ¶ 60.  The source of the spill was never determined. *Id*. ¶ 61.

That evening, the plaintiff sought medical attention at the Emergency Department at Maine Medical Center.  Plaintiff's SMF ¶ 17; Defendant's Responsive SMF ¶ 17.[3]  There, x-rays were taken and the plaintiff was given crutches.  *Id*. ¶ 18.  The plaintiff went on  to have two arthroscopic knee surgeries.  Defendant's SMF ¶ 15; Plaintiff's Responsive SMF ¶ 15.  He was treated by several physicians and surgeons at Central Maine Orthopaedics.  Plaintiff's SMF ¶ 21; Defendant's Responsive SMF ¶ 21.  These were the first specialists the plaintiff had seen for knee pain.  *Id*. ¶ 22.  Before the incident at Wal-Mart, the plaintiff was not experiencing any medical problems with his knees, and he had no injury to his knee between the time of the accident and the time of his first knee surgery.  *Id*. ¶¶ 24-25.[4]

Patrick J. Fallon, M.D., performed a right knee arthroscopy on the plaintiff in January 2006.  *Id*. ¶ 23.  A second arthroscopic surgery occurred in July 2006.  *Id*. ¶ 26.[5]

### III.  Discussion

#### A.  Standard of Care

The amended complaint in this action alleges a single count of negligence against the defendant.  Amended Complaint (Docket No. 7) ¶¶ 2-6.  The defendant's sole argument in support of its motion for summary judgment is that the plaintiff cannot offer evidence to show that it had notice of the foreign substance on the floor prior to the plaintiff's alleged fall.

---

[3] The defendant denies this paragraph of the plaintiff's statement of material facts and asks that it be stricken, Defendant's Responsive SMF ¶ 17, but it only objects to a specific portion of the paragraph, which I have not included in my recitation of the undisputed facts.

[4] The defendant qualifies its response to these two paragraphs of the plaintiff's statement of material facts by stating that each paragraph "is based on Mr. Small's opinion only and is subject to contradiction by his medical records as they are made available."  Defendant's Responsive SMF ¶¶ 24-25.  The defendant must submit any evidence that may contradict a plaintiff's factual assertion in connection with a motion for summary judgment at the time the summary judgment motion is before the court.  It may not create a disputed material fact by suggesting that some contradictory information may become available at some unknown future date.  If the defendant means to suggest that the plaintiff has been dilatory in providing requested discovery, or if it means that it has not had sufficient time to obtain possibly contradictory evidence, Fed. R. Civ. P. 56(f) provides an avenue for resolution of such disputes or claims.  The defendant may not now benefit from its apparent decision not to pursue that avenue.

[5] The defendant denies this paragraph of the plaintiff's statement of material facts and requests that it be stricken, Defendant's Responsive SMF ¶ 26, but the response does not challenge the portion of this paragraph recited herein.

Defendant's Motion for Summary Judgment ("Motion") (Docket No. 21) at 9-11. Under Maine law, which is applicable here, a plaintiff alleging negligence arising out of the presence of a foreign substance on the floor must prove that the defendant caused or had notice of that danger. *Milliken v. City of Lewiston*, 580 A.2d 151, 152 (Me. 1990).

> When a foreign substance on the floor causes a member of the public to sustain injuries, the injured party ordinarily bears the burden of proving the defendant's negligence by establishing (1) that the defendant caused the substance to be there, or (2) that the defendant had actual knowledge of the existence of the foreign substance, or (3) that the foreign substance was on the floor for such a length of time that the defendant should have known about it.

*Id*. (citation omitted). Notice of a danger may be attributed to a business owner if the owner

> (1) caused the substance to be on the floor; (2) did not cause the substance to be on the floor but otherwise knew the substance was on the floor; (3) knew of a recurrent condition that created a risk that the substance would be on the floor; or (4) should have known the substance was on the floor because it lay on the floor for a period of time.

*Murphy v. Wal-Mart Stores, Inc.*, No. CIV. 00-117-B, 2001 WL 253426 (D. Me. Mar. 13, 2001), at *2 (applying Maine law).

Here, there is no evidence in the summary judgment record of any of the first three alternatives. Even the plaintiff's speculation about Bennett's possible distractions during her "zoning" of the area, Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Opposition") (Docket No. 32) at 7-8, does not address the existence of a recurrent condition. The plaintiff's assertion that the defendant "could" have had actual knowledge of the spill, *id*. at 7, is based only on speculation, which must be ignored in the court's consideration of a motion for summary judgment, even when it is proffered by the non-moving party. *Meuser v. Federal Express Corp*., 564 F.3d 506, 515 (1st Cir. 2009). Accordingly, I will restrict my consideration

7

to the fourth alternative, that notice may be attributed where the substance lay on the floor for a period of time.

If "constructive notice is traditionally imputed by evidence that a spill has begun to dry," *Murphy*, 2001 WL 253426 at *2, the plaintiff's submission suffers from a lack of such evidence. The existence of policies requiring employees to check for spills and other unsafe conditions do not serve to support a finding of notice. *Id*. at *3. Proof of failure of the defendant's employees to comply with its safety procedures on the day in question, if it had been offered by the plaintiff, would be similarly deficient. *Id*. In fact, Magistrate Judge Kravchuk's summary judgment analysis in *Murphy* provides clear guidance in this case.

In that case, the plaintiff slipped and fell in the "Action Alley" area at the front of a Wal-Mart store. *Id*. at *1. After she fell she noticed a "miniature roll-on deodorant bottle and its roll-on ball lying separately on the floor." *Id*. She contended that the bottle was the source of the "cream-like substance" on which she had slipped. *Id*. There was no evidence that any Wal-Mart employee knew that the bottle or its contents were on the floor, nor was there any indication how long these items had been on the floor. *Id*. The plaintiff in the instant case attempts to distinguish *Murphy* because, unlike the plaintiff in that case, he does not concede that there is no evidence of notice. Opposition at 7. What the *Murphy* plaintiff conceded was that "there [was] no evidence that Wal-Mart had actual notice of the danger." 2001 WL 253426 at *2. If she had conceded that there was no evidence of notice at all, the case would have been over. More important, the fact that the plaintiff here does not concede that there is no evidence of notice does not mean that there is in fact such evidence in the summary judgment record.

The plaintiff in this case goes on to suggest that *Murphy* is also distinguishable because the plaintiff in that case fell in a "high traffic area," "likely making the store's ability to discover

the dangerous substance in a timely fashion more difficult." Opposition at 7. But, the likelihood of timely discovery was not a factor considered by Magistrate Judge Kravchuk. Nor was it a factor that the deodorant bottle was in an area of the store where it would not ordinarily have been, as the plaintiff argues here. *Id*. The plaintiff thinks that the fact that "the automotive aisle contained numerous bottles and other containers with liquid in them" distinguishes this case from *Murphy*. *Id*. Yet, he does not include any such factual assertion in his statement of material facts, and, even more importantly, he does not offer any factual support for the necessary proposition that one or more of these liquids were clear, as was the liquid on the floor in which he alleges that he slipped. Finally, contrary to the plaintiff's argument, *id*., the fact that no employees remembered the *Murphy* incident, while several employees remember the plaintiff's alleged fall in this case, has no bearing on the question of whether there is sufficient evidence in the summary judgment record to allow a reasonable factfinder to conclude that the defendant had constructive notice of the existence of the puddle of clear liquid in the automotive aisle.

Similarly, the plaintiff's assertions that "[t]he length of time the puddle remained on the floor is a question of fact," which can only be decided by a jury, and that "whether [Wal-Mart's safety sweep] policy was followed or not[,]" is basic to a finding of constructive notice, *id*. at 7-8, founder on existing case law. Indeed, if the former were an accurate statement of the law, summary judgment would be impossible, as every plaintiff could identify a question of fact in his or her claim.[6] The appropriate question is not whether the plaintiff has presented a question of fact, but rather whether the plaintiff has presented sufficient evidence relevant to that factual

---

[6] Similarly, the plaintiff's assertion that "the frequency with which Ms. Bennett was in the area necessarily shortens the length of time the puddle would have to have been present in order to impute notice to Ms. Bennett[,]" Opposition at 9, would, if an accurate statement of the law, penalize retailers for having accident-prevention policies more extensive that those of other retailers, an illogical result that cannot be squared with public policy.

issue to allow a reasonable factfinder to decide it in his or her favor. *Shattuck v. Potter*, 441 F.Supp.2d 193, 200 (D. Me. 2006). The latter question is answered in the negative by *Murphy*, where Magistrate Judge Kravchuk specifically found that the lack of evidence to suggest that Wal-Mart's safety sweep policy was not followed on the date in question supported the entry of summary judgment for Wal-Mart. 2001 WL 253426 at *3-*4.

As in *Murphy*, the plaintiff here has "simply generated no *facts* upon which a jury could base its determination that Wal-Mart did not exercise reasonable care to protect its customers from injury." *Id*. at *4 (emphasis in original). *Marcoux v. Parker Hannifin/Nichols Portland Div.*, 2005 ME 107, 881 A.2d 1138, cited by the plaintiff, Opposition at 6, is easily distinguishable in this regard. In that case, there was evidence that would have allowed a reasonable factfinder to conclude that the defendant caused the hazard that resulted in the plaintiff's slip and fall, 2005 ME 107, ¶ 24, 881 A.2d at 1145-46 (person in vicinity of slippery substance on floor was wearing defendant's uniform, janitor's bucket was near substance), which is missing in this case.

On the showing made, the plaintiff has failed to avoid the entry of summary judgment on the basis of his notice argument.

**B. Res Ipsa Loquitur**

The plaintiff argues in the alternative that the doctrine of *res ipsa loquitur* is applicable in this case because he underwent knee surgery after November 4, 2005, had no other knee injuries between that date and his first knee surgery in January 2006, and fell on November 4, 2005 in the defendant's automotive aisle, where there was a puddle of liquid on the floor. Opposition at 11-12. He cites no authority in support of this argument beyond an opinion describing the doctrine.

As the plaintiff notes, *res ipsa loquitur* "is a form of circumstantial evidence that permits a jury to infer negligence and causation from the mere occurrence of an event."  *Poulin v. Aquaboggan Waterslide*, 567 A.2d 925, 926 (Me. 1989).   In a more recent discussion of the doctrine, the Maine Law Court said:

> To establish negligence as a matter of law pursuant to the doctrine of *res ipsa loquitur*, an unexplained accident must have occurred, the instrument that caused the injury must have been under the management or control of the defendant, and in the ordinary course of events the accident would not have happened absent negligence on the part of the defendant.

*Sheltra v. Rochefort*, 667 A.2d 868, 870 (Me. 1995).

As in *Sheltra*, *id.*, the instrumentality that caused the alleged injury, the puddle of clear liquid, was not under the sole control of Wal-Mart.  Wal-Mart is a retail store open to the public. Members of the public may be in any of Wal-Mart's aisles at any given time, and are not under Wal-Mart's control.  My earlier discussion of the plaintiff's claim of negligence demonstrates that the plaintiff has not proffered evidence that would allow a reasonable factfinder to conclude that the alleged accident would not have happened absent negligence on the part of Wal-Mart.

The plaintiff has proffered no evidence that would allow a reasonable factfinder to conclude that a puddle of clear liquid could only have appeared on the floor of Wal-Mart's automotive aisle if Wal-Mart had been negligent, or, alternatively, that such puddles are unlikely to form absent such negligence.  The doctrine of *res ipsa loquitur* is not available under these circumstances.  *See, e.g., Parker v. Harriman*, 516 A.2d 549, 551 (Me. 1986) (*res ipsa loquitur* inapplicable where no evidence that accident would not have occurred absent defendant's negligence).

11

### IV.  Conclusion

For the foregoing reasons, I recommend that the defendant's motion for summary judgment be **GRANTED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 16th day of December, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

12