UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARLES SMALL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 09-cv-88-P-S |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION TO EXTEND TIME TO FILE APPEAL**

On January 8, 2010, this Court affirmed a Recommended Decision and thereby granted summary judgment in favor of Defendant (Docket # 44). That same day, Judgment was entered in favor of Defendant (Docket # 45). The docket reflects that notice of the Court's decision and the Judgment was electronically mailed to counsel for Plaintiff on January 8, 2010.

On March 24, 2010, the Court docketed a letter from Plaintiff Charles Small Jr., which he apparently mailed from the Stafford County Jail on March 22, 2010 (Docket # 50-1). In the letter, Mr. Small indicates that he was only informed of the Court's Judgment on March 20, 2010 and now wishes to appeal that judgment. He seeks an extension based on "good reasons and just cause." Specifically, Plaintiff asserts that he has been subjected to various moves by the Bureau of Prisons and, as a result, his attorneys were unable to notify him of the Court's judgment prior to March 20, 2010. The Court treats Mr. Small's letter as a Pro Se Motion to Extend Time to File Appeal (Docket # 50).

By March 22, 2010, Plaintiff had surpassed not only the 30-day deadline for filing his notice of appeal under Federal Rule of Appellate Procedure 4(a)(1) but also the 60-day deadline for a motion to extend time under Federal Rule of Appellate Procedure 4(a)(5). However, Plaintiff is still within the 180-day period during which this Court can consider a motion to reopen the appeal

period.  See Fed. R. App. P. 4(a)(6).  A timely request to reopen the appeal period under Federal Rule of Appellate Procedure 4(a)(6) can be granted "only if" the Court finds that: (1) "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)" within 21 days after the entry of judgment and (2) "no party would be prejudiced" by the reopening.  Id.

   The present motion does not appear to satisfy either of those requirements.  As to the first requirement, Rule 77(d) requires that the Clerk serve the judgment "as provided by Rule 5(b)," which, in turn, specifies that if the party is represented by an attorney, service on the party is effectuated by service on the attorney.  Fed. R. Civ. P. 5(b) & 77(d).  Both the docket and Plaintiff's Pro Se Motion indicate that Plaintiff's attorneys received notice of the January 8, 2010 Judgment in accordance with Rule 77(d).  Counsels' apparent inability to transmit that information to their client does not satisfy the failure-to-receive-notice requirement of Rule 4(a)(6).  As to the second "no prejudice" requirement, the Pro Se Motion is silent.  In short, Plaintiff's Motion does not meet the requirements for reopening the time to file an appeal.  See, e.g., Wagan v. Alameida, No. 07-15615, 2009 WL 226040 (9th Cir. Jan. 30, 2009) (unpublished) ("Federal courts are without authority to fashion equitable exceptions to [Rule 4]'s time limits, even where the outcome is indisputably unfair.")

   Therefore, Plaintiff's Pro Se Motion (Docket # 50) is hereby DENIED.  In addition to service on all counsel by electronic means, the Clerk is hereby ORDERED to mail a copy of this Order to Plaintiff Charles Small Jr. at the return address listed on Docket # 50-1.

   SO ORDERED.

   /s/ George Z. Singal
   United States District Judge

Dated this 1st day of April, 2010.